## COMMONWEALTH *vs.* WILLIAM G. SHEDD & another.

An indictment for a conspiracy to cheat and defraud, which does not set forth the means intended to be used, is insufficient; and is not aided by averments of overt acts done in pursuance of the conspiracy.

THE defendants were convicted in the court of common pleas for the county of Hampden, upon an indictment which alleged that William G. Shedd and Sarah Clough, wife of one Leonard N. Clough, on the 22d of January, 1851, " at Chicopee, in the county aforesaid, being evil disposed persons, and wickedly devising and intending, not only to deprive one Joel Church of his good name, fame, credit and reputation, but also to defraud and prejudice the said Joel Church, then and there, with force and arms, did amongst themselves conspire, combine, confederate and agree together to cheat and defraud the said Joel Church of divers large sums of money;" and then proceeded to set forth the doing of certain overt acts by the defendants, in pursuance of this conspiracy.

The defendant Shedd afterwards moved in arrest of judgment, because the offence charged in the indictment was not fully and properly set forth ; which motion being overruled by the court, (*Merrick*, J., presiding,) he alleged exceptions.

*E. W. Bond*, for Shedd.

*Clifford*, attorney general, for the commonwealth.

DEWEY, J. The gist of the offence in a charge of conspiracy being the act of conspiring together, and not the acts subsequently done in pursuance thereof, the consequence has been the introduction of certain forms of charging this offence, doubtful in their character, and as to which there has not been an entire uniformity of decisions. Under the idea that the conspiracy is alone the substantial crime charged, the practice had become somewhat common to charge the offence in the most general terms, as that of a conspiracy to the prejudice of the rights of others, overlooking the distinction, whether the object of the conspiracy was a criminal object, or the criminality consisted in accomplishing an object, not in itself a crime, by criminal means.

The recent decisions in this commonwealth have, to a certain extent at least, settled what was before a matter of doubt, and, so far as the principles of those decisions are applicable to this case, they must govern it. 1. It is well settled that a general allegation, that two or more persons conspired to effect an object criminal in itself, as to commit a misdemeanor or a felony, is quite sufficient, although the indictment omits all charges of the particular means to be used. 2. It is equally well settled, that a general charge of a conspiracy to effect an object not criminal is not sufficient. The charge of such a conspiracy is to be accompanied with the further statement of the means the conspirators concerted and agreed to use to effect the object; and those means must appear to be criminal. 3. The charge of a conspiracy to cheat and defraud A. does not, *ex vi termini,* import a criminal object. Cheating and defrauding are ambiguous terms, and as well applicable to civil contracts, as to injuries inflicted wholly by breach of criminal law. A man may cheat and defraud another in the sale of articles of merchandise, and yet the case be one of civil wrong merely. It is therefore held, that it is not enough to charge generally the purpose of the conspiracy to be " to cheat and defraud;" but the means must also be set forth, that it may be seen that it was a conspiracy to effect the proposed object by illegal means. This is directly settled in the cases of *Commonwealth* v. *Eastman,* 1 Cush. 189, and *Commonwealth* v. *Hunt,* 4 Met. 111, 125. Hence it results, that the general charge of a conspiracy to cheat and defraud Joel Church, which is the form of the present indictment, is insufficient, and that the indictment will not authorize the court to enter a judgment and sentence thereon, unless the defect is aided by the allegation of various overt acts of the parties alleged to have been done in pursuance of the conspiracy.

The view which the court have taken of this question, in the cases of *Commonwealth* v. *Hunt* and *Commonwealth* v. *Eastman,* seems to require that in cases of indictment for conspiracy the offence should be fully charged, independently of any overt acts alleged to have been done in pursuance of the conspiracy. Thus, in the case of *Commonwealth* v. *Hunt,* it is

said by the court, that the indictment must " set out an offence complete within itself, without the aid of any averment of illegal acts done in pursuance of such an agreement; and that an illegal combination, imperfectly and insufficiently set out in the indictment, will not be aided by averments of acts done in pursuance of it."

The great difficulty in giving effect to the allegation of overt acts, in an indictment for conspiracy, on a motion in arrest of judgment for insufficiency of the indictment, is this; that overt acts are merely alleged by way of aggravation of the offence, and though alleged, they need not be proved, and the alleged conspiracy might be found by the jury, without proof of the precise overt acts charged to have been done in pursuance of the conspiracy.

The indictment in the present case, charging only, in general terms, a conspiracy " to cheat and defraud one Joel Church of divers sums of money," and setting forth no illegal means, agreed upon or concerted by the parties to effect the same, as a part of such conspiracy, but merely setting forth overt acts of the parties, does not charge a conspiracy to do a criminal act, or to effect an object by any criminal means set forth upon the face of the indictment.         *Judgment arrested.*